Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                 czirpoli@saverilawfirm.com
                 cyoung@saverilawfirm.com
                 tmanfredi@saverilawfirm.com
                 kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:      (323) 968-2632
Facsimile:      (415) 395-9940
Email:          mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Paul Tremblay,<br><br>   Individual and Representative Plaintiffs,<br><br>      v.<br><br>OpenAI, Inc., et al.,<br><br>                              Defendants. | **Case No. 3:23-cv-03223-AMO**<br>**Case No. 3:23-cv-03416-AMO**<br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF**<br>**PROPOSED SCHEDULE** |
| Sarah Silverman, et al.,<br><br>   Individual and Representative Plaintiffs,<br><br>      v.<br><br>OpenAI, Inc., et al.,<br><br>                              Defendants. | |

**INTRODUCTION**

Plaintiffs proposed a schedule in the Parties' Joint Case Management Statement and Rule 26(f) Report (ECF No. 50)[1] consistent with scheduling orders regularly entered in cases of this type. Among other things, it provides for briefing on class certification motions from April 2025 through June 2025 and briefing on motions for summary judgment from August 2025 through October 2025. Defendants, for their part, opted not to submit a schedule with the Joint Case Management Statement. At the October 5, 2023 Case Management Conference, the Court indicated that it would largely adopt Plaintiffs' schedule.[2] Defendants objected and instead, for the first time, proposed a schedule in which motions for summary judgment would occur prior to completion of any notice period resulting from a successful class certification motion.[3] Setting summary judgment before class certification, however, would run into the one-way intervention rule and deprive Plaintiffs of the opportunity to obtain summary judgment. Indeed, were Defendants to move for summary prior to class certification, they would be waiving the protection provided to them under the one-way intervention rule. *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995). For this reason, courts ordinarily do not permit motions for summary judgment before class certification. Instead, consistent with the principles of orderly case management and efficiency, any summary judgment motions should be due after class certification under Rule 23 is complete.

**ARGUMENT**

"[T]he history of the development of Rule 23(c)(2) makes clear that the rule was adopted to prevent 'one-way intervention'—that is, the intervention of a plaintiff in a class action after an adjudication favoring the class had taken place." *Schwarzschild*, 69 F.3d at 295; *see also Villa v. S.F.*

---

[1] All ECF No. citations are to *Tremblay v. OpenAI, Inc., et al.*, Case No. 3:23-cv-03223-AMO (N.D. Cal.).

[2] The Court ultimately issued an order with a schedule identical to the one proposed by Plaintiffs through the end of briefing class certification motions, leaving deadlines for motions for summary judgment and trial-related dates out pending further briefing. ECF No. 51.

[3] It was a surprise when Defendants raised the issue of the sequencing of class certification and summary judgment. As explained below, this request is highly unusual and creates a host of due process, procedural, and case management problems. For this reason, it is largely inconsistent with the case management orders courts entered by numerous courts.

PLAINTIFFS' BRIEF IN SUPPORT OF PROPOSED SCHEDULE

1  *Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020–21 (N.D. Cal. 2015) ("Rule 23(c)(2) . . . exists in part to

2  protect defendants from unfair 'one-way intervention,' where the members of a class not yet certified

3  can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid

4  being bound by an unfavorable one."). "Such intervention is termed 'one-way' because the plaintiff

5  would not otherwise be bound by an adjudication in favor of the defendant." *Schwarzschild*, 69 F.3d at

6  295 (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759-60 (3d Cir. 174) (en banc)). Under the one-

7  way intervention rule, district courts generally do not grant motions for summary judgment by

8  plaintiffs on the merits of a class action until the class has been properly certified and notified. *Moore v.

9  Mars Petcare US, Inc.*, No. 16-CV-07001-MMC, 2021 WL 6063577, at *2 (N.D. Cal. Dec. 22, 2021).

10  One-way intervention applies even if plaintiffs are only seeking partial summary judgment. *See, e.g.*,

11  *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095 (N.D. Cal. 2019) ("A merits

12  ruling, even if not a final judgment, can still affect putative class members' decisions whether or not to

13  opt in.").

14       The one-way intervention rule does not prevent Defendants from moving for summary

15  judgment before a class is certified and notice given. *See Schwarzschild*, 69 F.3d at 297. But by doing so,

16  they will have waived the right to have any judgment bind the class. *Id.* ("By obtaining summary

17  judgment before notice had been sent to the class, the defendants waived their right to have such

18  notice given and to obtain a judgment that was binding upon the class."). This is because "[t]he

19  rationale for a one-way intervention rule disappears when the defendant himself moves for summary

20  judgment before a decision on class certification." *Villa*, 104 F. Supp. 3d at 1022. And therefore, "an

21  individual's claims will not be barred by a judgment in favor of the defendant in an action brought

22  under Rule 23, if no class was ever certified." *Mendez v. Radec Corp.*, 260 F.R.D. 38, 47 (W.D.N.Y.

23  2009). In the absence of an express or implied waiver by the defendant, the courts appear unwilling to

24  exercise their discretion to consider pre-certification summary judgment motions filed by plaintiffs.

25  *See, e.g., Villa*, 104 F. Supp. 3d at 1021. Plaintiffs accept that "absent prejudice to the plaintiff, the

26  court is free to decide a defendant's dispositive motion in a putative class action before taking up the

27  issue of class certification." *McNulty v. Fed. Hous. Fin. Agency*, 954 F. Supp. 2d 294, 297 (M.D. Pa.

28

1  2013), aff'd (Mar. 18, 2014). But by so, the moving defendant should be found to waive any objection

2  based on the one-way intervention rule. *Id.*; *see also Mendez.,* 260 F.R.D. at 45.

3      Defendants also appear to propose that plaintiffs be required to file summary judgment motions

4  before class certification, in violation of the one way intervention rule. In *Villa*, the court addressed the

5  consequences of this sequencing. 104 F. Supp. at 1021. There, plaintiffs moved for partial summary

6  judgment prior to adjudication of their motion for class certification. *Id.* Quoting *Fireside Bank v. Super.*

7  *Ct.,* 40 Cal.4th 1069 (2007), the court explained the basis for the one-way intervention rule—that

8  without it "[o]ne plaintiff could sue and lose; another could sue and lose; and another and another

9  until one finally prevailed; then everyone else would ride on that single success." *Id.* Applying the rule,

10 the court denied plaintiffs' motion without considering its merits. Unless Defendants explicitly agree

11 to waive the one-way intervention rule, Plaintiffs will be precluded from moving for summary

12 judgment before a class is certified. *Id.* While unclear, Defendants may be proposing that Plaintiffs will

13 also be precluded from moving for summary judgment *after* class certification, which would run

14 counter to the framework of Rule 23. The alternative—multiple rounds of summary judgment before

15 and after class certification—would be duplicative and unnecessary, wasteful of the resources of the

16 Court and parties, and in violation of the Court's Standing Order. *See* Standing Order for Civil Cases

17 Before District Judge Araceli Martínez-Olguín (Revised May 10, 2023); *see also* Fed R. Civ. P. 1. (the

18 Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and

19 the parties to secure the just, speedy, and inexpensive determination of every action and

20 proceeding.").

21      Consistent with sound principles of case management adopted in legions of cases, Plaintiffs

22 have proposed a schedule that will permit the expeditious resolution of their claims. Under Plaintiffs'

23 proposed schedule, there is ample time for the Court to rule on class certification before summary

24 judgment, negating any one-way intervention concerns. "[C]ourts routinely hear class certification

25 motions [before summary judgment motions]." *Woods v. Google LLC*, No. 11-CV-01263-EJD, 2018 WL

26 4030570, at *10 (N.D. Cal. Aug. 23, 2018) (citing *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997);

27 *Wright v. Schock*, 742 F.2d 541, 543–44 (9th Cir. 1984)). And courts in this District regularly set

28 schedules that sequence class certification prior to summary judgment. *See, e.g.*, *In re Apple iPhone*

*Antitrust Litig.*, No. 11-CV-6714-YGR, 2021 WL 5181862, at *2 (N.D. Cal. Nov. 8, 2021); *King v. Nat'l Gen. Ins. Co.*, No. 4:15-CV-00313-DMR, 2023 WL 2526644, at *2 (N.D. Cal. Mar. 14, 2023). There is no prejudice to such a schedule. It complies with the Federal Rules, and it provides for the orderly process of litigation. As noted above, Defendants' proposal was a surprise and Defendants have not explained why the Court should adopt their unusual proposal.

The most sound efficient schedule will sequence class certification prior to summary judgment. Defendants will face no unfair prejudice. The case can proceed in an orderly fashion, free of the due process and procedural problems Defendants' proposal would create. In the alternative, Defendants must either waive the one-way intervention rule or be found to have waived it by filing an out-of-sequence summary judgment motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court enter the remainder of the schedule proposed in ECF No. 50 or another schedule that sets the deadline for motions for summary judgment after the deadline to move for class certification.

PLAINTIFFS' BRIEF IN SUPPORT OF PROPOSED SCHEDULE

Dated: October 17, 2023

By:        */s/ Joseph R. Saveri*
           Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

PLAINTIFFS' BRIEF IN SUPPORT OF PROPOSED SCHEDULE